Herman J. Brobst, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued August 24, 1981, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Louis M. Shucker,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Steven R. Marcuse,* Associate Counsel, *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

PER CURIAM, September 18, 1981:

The claimant in this unemployment compensation case was discharged from his employment as an office manager for taking home old payroll records without the permission or knowledge of his employer. One of the claimant's functions was to destroy old records when instructed to do so by his employer. The claimant first told his employer that he took the records to destroy them; however, the employer had not instructed the claimant to destroy the records; moreover, all destruction of records was done by throwing them in a can at work to be burned. At the referee's hearing, the claimant testified that he took the records to preserve them for use in a case pending before the Human Relations Commission in which he alleged that he had not received adequate salary increases. The claimant had been denied benefits on the ground of willful misconduct. Section 402(e) of the Unemployment Compensation Law, 43 P.S. §802(e).

The Board found on essentially uncontested evidence that the claimant took the records from his employer in violation of an employer's policy; that the claimant was not instructed to destroy the records; and that the claimant's desire to preserve evidence was not sufficient justification for the unauthorized taking of company property.

The claimant first picks up a Board finding that the records were "confidential information" and asserts that he violated no duty of confidentiality. This is not germane because he was fired for taking the records not for disclosing their contents, although it seems he would have done the latter if it served his

purposes. He next says he broke no written policy or rule. This flies directly in the face of the Board's finding that the claimant violated a company policy, which not only is uncontested, but in any event is supported by substantial evidence in the record. The claimant's third contention, that his actions were justifiable and reasonable because he was safeguarding the files for use in his case, is without merit, since the claimant was the custodian of the records and the person whose duty it would be to destroy the records if instructed to do so. If so instructed, the claimant could have requested his employer to preserve the records or secured a subpoena for the records.

Order affirmed.

### PER CURIAM ORDER

AND Now, this 18th day of September, 1981, the order of the Unemployment Compensation Board of Review dated September 19, 1981 is affirmed.

### PER CURIAM AMENDED ORDER

AND Now, this 21st day of September, 1981, the Per Curiam Order filed September 18, 1981, in the above-captioned case is hereby amended to read as follows:

AND Now, this 18th day of September, 1981, the order of the Unemployment Compensation Board of Review dated September 19, 1980 is affirmed.